**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID GIVIN,**

    Plaintiff,

**v.**                                                                    **CIVIL ACTION NO. 3:12-CV-135
(JUDGE GROH)**

**GUARDIAN FIBERGLASS, INC.,**
A Delaware Corporation,
**UNITED RENTALS,** a
Foreign Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

Pending before this Court is Plaintiff's Second Motion to Amend His Complaint [Doc. 77] and Supplement to his Motion to Amend [Doc. 79], jointly referred to as "Motion to Amend." In his motion, Plaintiff requests leave to amend his Complaint to add a defendant, Guardian Industries, Inc. ("GI"). On February 20, 2014, Defendant Guardian Fiberglass, Inc. ("GFI") filed its Response opposing Plaintiff's Motion to Amend. Defendant United Rentals did not file a Response. Accordingly, this matter is ripe for the Court's review. For the following reasons, this Court **GRANTS** Plaintiff's Motion to Amend.

### I. Background

On October 12, 2012, Plaintiff Givin filed the original Complaint in the Circuit Court of Berkeley County, West Virginia, against GFI and his supervisor, Eric Widmeyer, alleging a deliberate intent cause of action for injuries suffered at GFI's facility in Inwood, West Virginia. On November 15, 2012, GFI and Widmeyer removed this case from the

Circuit Court of Berkeley County, West Virginia, to the United States District Court of the Northern District of West Virginia.  On December 11, 2012, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Widmeyer pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

On April 5, 2013, Plaintiff filed a Motion to Amend his Complaint with an attached copy of the Amended Complaint.  In his Amended Complaint, Plaintiff added United Rentals as a defendant and alleged a negligence claim against it.  On April 8, 2013, Defendant GFI filed its response to Plaintiff's motion.  On April 9, 2013, this Court granted Plaintiff's Motion to Amend his Complaint and directed him to re-file his Amended Complaint by April 17, 2013.  On April 17, 2013, Plaintiff re-filed his Amended Complaint.

On January 22, 2014, Plaintiff filed a Second Motion to Amend his Complaint to add GI as a defendant because GI allegedly performed safety audits and inspections for GFI.  On February 4, 2014, Defendant GFI filed a Response opposing the motion because Plaintiff failed to attach a copy of the proposed second amended complaint to his motion.  On February 7, 2014, Plaintiff supplemented the Second Motion to Amend by attaching the proposed "Second Amended Complaint."  On February 20, 2014, GFI filed a Response in Opposition to Plaintiff's Second Motion to Amend Complaint.

## II.  Legal Standard

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1)(B).  However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (declaring that "this mandate is to be heeded"). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Delay alone is an insufficient reason to deny leave to amend. See id.  Rather, the delay must be accompanied by prejudice, bad faith, or futility. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). The Fourth Circuit has stated that

> [w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (internal citations omitted)).  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

### III.  Discussion

In this case, Plaintiff states that based upon the discovery of new evidence, he seeks to amend his Complaint to join an additional defendant, GI.  Plaintiff argues that

3

GI should be added as a defendant because it negligently performed safety audits of GFI's Inwood, West Virginia manufacturing plant prior to and on or around the time Plaintiff received injuries while working at the facility. Defendant GFI argues that Plaintiff's proposed amendments are futile. Additionally, Defendant GFI contends that Plaintiff's proposed amended Complaint should be denied because of delay. The Court addresses each of Defendant GFI's arguments below.

### A. Plaintiff's Proposed Amendments are Not Futile

Defendant GFI argues that the proposed amended complaint is futile for three reasons. First, Defendant contends that GI is statutorily immune under the West Virginia workers' compensation statutory scheme. Second, Defendant GFI argues that the statute of limitations bars Plaintiff from adding GI as a party. Third, Defendant GFI argues that Federal Rule of Civil Procedure 15(c)(1)(C) does not apply and "relate back" Plaintiff's amendments to the filing of the original Complaint.

A motion to amend should be denied if the amended complaint is futile by failing to allege a cause of action or when the proposed amendment is clearly insufficient or frivolous on its face. See Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006) (holding the amended complaint was not futile because it alleged a cause of action). A motion to amend should be denied on the basis of futility only when the proposed amendment is clearly insufficient or frivolous on its face. See Davis, 615 F.2d at 613.

### 1. Whether GI Is Statutorily Immune Under West Virginia Code § 23-2-6a

Defendant GFI argues that GI is immune under West Virginia Code § 23-2-6a because GI is an agent of GFI. Under the workers' compensation statutory scheme in

4

West Virginia, employers who contribute to the workers' compensation fund are exempt from liability for an employee's injury or death. W. Va. Code § 23-2-6. West Virginia Code § 23-2-6a extends this immunity to "every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberation intention." Therefore, "an agent of an employer is granted immunity from suit for non-deliberate intent conduct that injures or causes the death of an employee." Wetzel v. Emp'rs Serv. Corp. Of W. Va., 656 S.E.2d 55, 60 (W. Va. 2007). An agent has been defined as "one who represents another, called the principal, in dealings with third persons. He is one who undertakes some business or to manage some affair for another by authority of or on account of the latter and to render an account of it." Id. (quoting State ex rel Clark v. Blue Cross Blue Shield of W. Va., Inc., 510 S.E.2d 764, 788 (W. Va. 1998)).

In this case, Plaintiff's proposed Second Amended Complaint alleges that "[b]y agreement between the parties, GI independently performs safety services, safety inspections, and safety audits to Guardian at Guardian's Inwood plant." Second Am. Compl., ¶ 4. At this point, in determining whether the proposed amendment is futile, it is not clear that GI would necessarily be an agent of GFI. Although GFI had an agreement with GI to perform safety services, inspections, and audits, the proposed Second Amended Complaint alleges that these duties were performed independently. Accordingly, the Court does not find that the proposed Second Amended Complaint is futile based on this argument because it is unclear whether West Virginia Code § 23-2-6a will necessarily bar suit against GI. See Johnson, 785 F.2d at 510 (holding that leave to amend "should only be denied on the ground of futility when the proposed

amendment is clearly insufficient or frivolous on its face").

## 2. Whether the Statute of Limitation Bars Plaintiff's Claim

Defendant GFI next argues that the discovery rule does not apply to toll the statute of limitation because Plaintiff failed to act diligently to discover the alleged claim against GI.

If a proposed amendment is made "beyond the statute of limitations and it would not relate back to the original complaint," the proposed amendment is futile. Everett v. Prison Health Servs., 412 F. App'x 604, 606 (4th Cir. 2011) (citing United States v. Pittman, 209 F.3d 314, 318-19 (4th Cir. 2000)). This Court has jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Therefore, the Court applies the West Virginia statute of limitation as well as West Virginia law construing it. Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that district courts should apply the state statute of limitation and any rule "that constituted an integral part of the state statute of limitations").

Under West Virginia law, tort claims for damages for personal injuries are governed by a two-year statute of limitation. W. Va. Code § 55-2-12. Plaintiff argues that the running of the two-year limitation period was tolled through the operation of the discovery rule. Applying the discovery rule,

> the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Trafalgar House Const., Inc. v. ZMM, Inc., 567 S.E.2d 294, 299-300 (W. Va. 2002). The

West Virginia Supreme Court of Appeals stated that "[i]n most cases, the typical plaintiff will 'discover' the existence of a cause of action, and the statute of limitation will begin to run, at the same time that the actionable conduct occurs." Dunn v. Rockwell, 689 S.E.2d 255, 265 (W. Va. 2009).

To determine whether the statute of limitation bars Plaintiff adding GI as a defendant, the Court applies the five-step analysis set forth in Dunn v. Rockwell. First, the Court must identify the applicable statute of limitation for the cause of action. Id. at 265. In this case, as mentioned above, a two-year statute of limitation governs Plaintiff's personal injury claim for damages.

Second, the Court identifies when the requisite elements of the cause of action occurred. Id. In this case, the elements of the cause of action occurred on April 6, 2011 when Mr. Givin was severely burned while working at the GFI facility.

Third, the Court must determine whether the discovery rule should be applied using the criteria set forth in Syllabus Point 4 of Gaither v. City Hosp., Inc., which provides

> In tort actions . . . under the discovery rule the statute of limitations begins to run when the plaintiffs knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Dunn, 689 S.E.2d at 265 (quoting Syl. Pt. 4, Gaither, 487 S.E.2d 901). "Where a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." McCoy v. Miller, 578

7

S.E.2d 355, 359 (2003). Therefore, the issue is when did Plaintiff know or by the exercise of reasonable diligence should have known the identity of the entity, GI. In Plaintiff's motion to amend, he states that Plaintiff had no knowledge that GI caused or contributed to Plaintiff's harm prior to the October 16, 2013 deposition of Kim Woodard, formerly employed by GFI as its corporate director of human resources. In Ms. Woodard's deposition, she stated that GI performed safety program administrative duties for all the fiberglass manufacturing plants, including the Inwood, West Virginia facility at issue in this case.

In this case, the motion to amend and proposed Second Amended Complaint states sufficient facts to permit the application of the discovery rule at this point. Indeed, the proposed amendment is not *clearly* insufficient or frivolous on its face. Accordingly, the Court does not find that the amendment is futile.[1] Additionally, this Court does not address the Federal Rule of Civil Procedure 15(c)(1)(C) argument regarding whether the proposed amendment relates back to the filing of the original complaint because the Court found that the discovery rule applied and permitted the amendment.

### C. Whether the Proposed Amendment Should be Denied Based on Prejudice and Delay

Defendant GFI argues that Plaintiff's proposed amendment has been unduly delayed. Also, GFI contends that the "addition of a new defendant and new theory at this point will doubtless entail substantial delay of this action."

---

[1] The Court does not address the fourth or fifth step under Dunn because the Court has found that the Complaint sufficiently stated facts to permit the application of the discovery rule. Therefore, the fourth and fifth step is inapplicable to the Court's analysis.

Delay alone is an insufficient reason to deny leave to amend. Johnson, 785 F.2d at 509. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See Edwards, 178 F.3d at 242. This Court evaluates the prejudicial effect of an amendment by examining the nature of the amendment and its timing. See Laber, 438 F.3d at 427.

In this case, Plaintiff is adding a new party, GI. As evidenced by Ms. Woodard's deposition, GI had notice of Mr. Givin's injuries suffered at the Inwood facility by April 8, 2011. Therefore, GI is not prejudiced by being added to the lawsuit because GI is fully aware of the events giving rise to this action. Additionally, Plaintiff did not unduly delay in filing his motion to amend because he filed it only a few months after discovering GI's role of performing safety audits and inspections for GFI. Accordingly, the Court does not find that the amendment is prejudicial or that Plaintiff delayed in filing his motion to amend.

## IV. Conclusion

Accordingly, for the foregoing reasons the Court **GRANTS** Plaintiff's Motion to Amend His Complaint [Doc. 77], [Doc. 79]. Plaintiff is directed to file his Second Amended Complaint by Tuesday, April 1, 2014.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 25, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE